Per Curiam.

We see no sufficient reason to question the jurisdiction of the Court, as to which a doubt has been slightly intimated but not seriously urged at the hearing here.
In relation to the operation of the verdict at law, and the proper form of the writ of habere facias possessionem, and the mode in which it should be executed, as between the parties to the action at law, — this Court prefers to take the advice and judgment of the Law Judges: — these latter questions relating to doctrine and practice exclusively legal.
It is, therefore, ordered that this case be set down upon the doequet of the Court of Errors, for the argument of the questions just mentioned: and that a message be sent to the Law Court of Appeals, requesting the Law Judges to meet the Chancellors, for the hearing of them, and to appoint a time for that purpose.
JohnstoN, Dunkin, Dargan and Wardlaw, CC., concurring.
The questions sent up to the Court of Errors having been argued before it, the opinion of that Court upon those questions was now delivered by
Wardlaw, J.
Of the two questions which have been referred to this Court by the Chancery Bench, that which relates to the proper form of the writ of habere facias possessionem, where the plaintiff in trespass to try titles has recovered an undivided share of an entirety sued for, presents no difficulty. In the case of Jones and Moore vs. Owens, (5 Strob. 134,) the *413 practice which had long established the proper form of the verdict in such a case to be for a certain share or fraction of the whole described, was maintained; and carried to the extent of holding a verdict to be too vague to authorise a judgment upon it, when it found “ an undivided portion,” without specifying what fraction of the whole the portion was, or otherwise defining the part that was to be recovered. The judgment must conform to the verdict, and the writ of hab. fac. poss. to the judgment. Run. on Eject. 401, 432.
It is true that in the case of Dupont vs. Ervin, (2 Brev. 400,) the verdict was for four-ninths, and the judgment and writ of hab. fac. poss. seem from the report to have been for the whole ; yet a motion to set aside the writ for irregularity was rejected. But the Court acknowledged the necessity for the conformity of the judgment and writ to the verdict, and seems to have acted in rejecting the motion upon the ground that the proper mode of executing the writ was the same, whichever of the two forms may have been given to it.
This Court is then of opinion, that in this case, wherein William Beasley and wife, as plaintiffs at law, had a verdict for “ one undivided fourth part of the land” described, and entered judgment against the defendant, William B. Dorn, for recovery of the said undivided fourth part, the proper form has been adopted in the writ of hab. fac. poss. which requires the Sheriff to cause the said plaintiffs to have possession of “ the said one undivided fourth part of the tract of land, and appurtenances described as aforesaid.”
The other question, concerning the mode in which such a writ of hab. fac. poss. shall be executed, has been frequently mooted in the said Court of Appeals, for ten or twelve years last past, but hitherto has not been directly presented for adjudication. The case of McFadden and wife vs. Haley, (2 Bay, 457,) decided in 1802, shews that after grave doubts upon a point which was very plain in reference to the action of ejectment(a) it was there for the first time held that in our action of "" *414 trespass to try titles, one tenant in common, suing singly for a whole tract, may recover his undivided share. The concluding remark made in that case, is this : “ although the sheriff can not give possession of any particular part, it (the verdict and judgment) establishes the right of the party to a.share, which, when divided and laid off, may be delivered to him by the Sheriff.” Two other cases in the same volume (2 Bay, 460, 541) sustained that case, and the principal point ruled in it has never since been questioned.
In 1810, the case of Dupont vs. Ervin (2 Brev. 400) before cited, was decided; and that case is generally understood to rule, as its argument was certainly intended to maintain,'that, in executing a writ of hab. fac. poss., where a plaintiff, one of several tenants in common, has recovered against a stranger an undivided share of a whole tract sued for, the sheriff should turn out the defendant, and give to the plaintiff exclusive possession of the whole. Brevard’s Reports were not published until 1839 : and so for nearly thirty years' the opinion in Dupont vs. Ervin, was withdrawn from the notice of the profession, in the meantime, many of our cases had held that one tenant in common could not maintain trespass to try titles against a co-tenant without proof of an actual ouster(a); and in at least three cases, (Thompson vs. Guillard, 1832, 3 Rich. 423 ; Durant vs. Cabbage, 1834, 2 Hill, 311; and Henry vs. Means, 1834, 2 Hill, 334 :) obiter dicta, arguendo, were made conformable to Dupont vs. Ervin : which latter case had probably before 1832, come in manuscript to the knowledge of some members of the Court.’ But the intimation made in McFadden vs. Haley, was familiarly known, controlled practice in some places, and led to inquiries, which resulted in the case of Jones and Moore vs. Owens, (5 Strob. 134,) before cited, and the strong denial of authority for the conclusion reached in Dupont vs. Ervin, which Judge Evans made in the dissenting opinion, which he delivered in Hill vs. Sanders, (4 Rich. 533,) made *415 merely for the purpose of overthrowing a reason upon which a distinction that he was assailing, had in a former case been rested. If, under recovery of any undivided interest in land described, possession of the whole shall be given to the plaintiff, what more precision in a verdict is necessary than that which in Jones and Moore vs. Owens, was held to be insufficient ?
The question presented to this Court is not then considered to be settled, but must be resolved by the law of ejectment, modified, as that has been, by our Acts of Assembly and practice.
The modern action of ejectment, 3 Burr, 1292, “ is the creation of Westminster Hall, introduced within time of memory, and moulded gradually into a course of practice by the rules of the Courts.” When the writ of habere facias possessionem had grown out of the extension of the recovery from damages merely to the term itself, it followed that when this writ was awarded, the sheriff was authorised to obey its directions; and of course, where the writ was for the whole, to give to the plaintiff possession of the whole land described, by turning out every person whomsoever that might be in possession(a). But as the recovery is by John Doe, or some other nominal plaintiff, on the demise of the. real plaintiff, and in default of appearance as well as in some other cases, is against the casual ejector, and not against the tenant in possession, it is apparent that, if the writ of possession, so effective, followed, of course, from a mere judgment had by the default, confession, or weakness, of the defendant on the record, the tenant in possession might be deprived of his possession, by process of law, without ever having had an opportunity to resist the title of the plaintiff. The action would then in reality be what, “ in form it appears, — a trick between two to dispossess a third by a sham suit and judgment.”(b) But this is prevented by the care with which the fictions have been contrived to facilitate the trial of titles with despatch, and without injustice. To every tenant in possession, express notice of the action and of the necessity of his *416 defending it, must be given :(a) in various cases after judgment against the casual ejector, execution is stayed until leave to take it out has been granted upon motion after notice; and all irregularity, excess or injustice in executing the writ of possession, is corrected by the summary interposition of the Court(b).
In ejectment, the description of the land sued for is required, especially by the modern practice, to be much less exact than it was in the ancient real actions.(c) It is not expected that the Sheriff will be able, from the description in the writ of hab.fac. poss. to know of what to give possession; but the plaintiff is bound to point out what was recovered, and at his peril to take possession of no more.(d) Indeed, so loose a practice is sometimes indulged, even in respect to the thing recovered, that in Doe dem. Drapers Co. vs. Wilson, (2 Stark. Rep. 477,) in ejectment for a house, it was admitted that the plaintiff was entitled to recover the lower floors, but it was contended that he. was not entitled to the upper one, and evidence was offered in proof of this : Abbott C. J. said, “ where it is admitted that the plaintiff is entitled to recover a part of that which he claims, a question of boundary will not be tried. The generality of the description of the premises in an action of ejectment precludes an inquiry to the precise quantity which he is entitled to recover. If he takes too much on the execution of the writ of possession, the defendant may bring an action of trespass, in which the premises may be set out by metes and bounds — -the action of ejectment decides nothing as to the quantumBut many cases are to be found where in ejectment an undivided share of land was recovered: some where the demise was laid of an undivided share — some where it was laid of the whole land ; some where a tenant in common recovered against a co-tenant, some where he recovered against a stranger, (e) In all such cases, the undivided share was considered as a part contained *417 in the whole, but distinguished from the whole, just as a severed share is so contained and distinguished; and the plaintiff, according to general principles, must have sued out his writ of possession conformable to the judgment, and was bound to have it executed only to the extent of the recovery.
In North Carolina, where in ejectment verdict was rendered-for the fictitious lessee upon only one of several counts, and that count contained a demise of the whole land, from a lessor who appeared at the trial to be entitled to only an undivided share, although the verdict was general, and the judgment and writ of hab. fac. poss. general too, (according to the practice indulged by the Court in the consciousness of its power over the whole action,) yet it was held that the plaintiff ought to have taken possession of only the undivided share, and should be permitted to recover, in trespass for the mesne profits, damages only to the extent of that share, (a)
So in New York, plaintiff in ejectment gave evidence of title to an undivided moiety only — there was, however, a general verdict, and motion for new trial. Per Curiam: “ The motion is denied, but it is ordered that the plaintiff in the hab. fac. poss. take possession of an undivided moiety of the premises only.”(b)
In Pennsylvania, too, it has been held that where the plaintiff in ejectment recovers an undivided part, he is to be put into actual possession thereof, with the defendant, by the sheriff. Ash vs. McGill, 6 Whart. 301.
The case of Roe ex demise of Saul vs. Dawson, 3 Wilson 49, shews that in England, if the plaintiff has recovered an undivided share, and the sheriff turns the defendant out, the Court will restore to the defendant the possession of the shares not recovered. That case was the case of a recovery by one tenant in common against another : but that circumstance was immaterial to the matter ordered in it. The order depended upon the identity in principle between a share undivided, and a share severed — the difference between either and the whole, and the *418 right of the defendant to hold that to which the plaintiff had shewn no title. The proceedings in ejectment by one tenant in common against another, are precisely the same, as in ejectment by either of them against a stranger; except that in the former case actual ouster, if denied, must be proved, and therefore the defendant, in entering into the consent rule, will not be required to confess the ouster, but only the entry and lease :(a) after the ouster has been established, the defendant in one, is as much a trespasser as in the other, but in neither does his trespass against the plaintiff go beyond the title which the plaintiff shews. No case has been found where upon recovery of a part or share, divided or undivided, possession of the whole given to the plaintiff, has been sanctioned by a Court in England ; and although neglected hands, unknown titles and divisions by death, are less frequent there than here, the absence of such a case, and of all distinctions to be found in any book of practice, as to the executing of the writ of possession, between share divided, and those undivided, or between defendants co-tenants, and defendants strangers, seem to shew that the rule deduced from Saul and Dawson is one of general application.
Our Act of 1744, 3 Stat. 612, (repealing the 4th sec. of an Act of 1712, 2 Stat. 584, which had confined the plaintiff to one action of ejectment for the same land, and against the same defendant,) allowed a plaintiff who failed in the first action, only a second one, and that to be brought within two years from the failure. The Act of 1791 (5 Stat. 170, § 4 and 5,) substituted the action of trespass to try titles for the two actions before used, of ejectment and trespass for the mesne profits ; required that the real names of the plaintiffs and defendants should be used, and not fictitious names; and made applicable to the new action, all enactments before made for the action of ejectment. Another Act of 1791 (7 Stat. 276, § 16,) prescribed the notice whereby the writ of trespass to try titles is distinguished from that of trespass quare clausum fregit, and required the “ Judges *419 of the Court of Common Pleas, to form such reasonable and equitable rules, and lay the parties in actions of trespass to try titles under such just and reasonable terms, as will bring them to trial on the merits of the case, conformably to the principles of trials by ejectment under the former law and practice of the Courts.”
In our action of trespass to try titles, the description of the premises recovered must be made by thé pleadings or by the verdict, much more exact than is required in ejectment. The summary interposition of the Court to confine execution to the proper extent, has not been familiarly exercised with us, and would, with great caution, if at all, be carried to any inquiry concerning what was proved distinct from what appears by the finding of the jury. No subsequent action of trespass, brought by the defendant to have the boundaries defined, would be permitted to contravene what the judgment in the action of trespass to try titles established. That judgment, if for the plaintiff, concludes the defendant, and if for the defendant, concludes the plaintiff, who has brought no other action within two years, and is conclusive of quantity and boundary no less than of title. Even in ejectment, if the plaintiff suing for the whole, obtains a verdict for a part only, the judgment is, that he shall recover that part :(a) but for the other part whereof the jury acquitted the defendant, the judgment is, that the plaintiff be in mercy, and that the defendant go hence without delay. The necessary inference from the finding of part only for a plaintiff, has, with us, been held to be, even without the sit in misericordia, or eat sine die, that the other part is found for the defendant :(b) and that inference after two years, is not a mere acquittal of the defendant from the first action, subject to the plaintiff’s right to bring another, but is a protection against all further attempt of the plaintiff to set up any title which was in proof, or might have been put in proof in the first action.(c) It amounts nearly to the judgment of sit quietus rendered for a defendant in a real action :(Cro. Eliz. 768,) and clearly then authorises the deduction that the plaintiff’s demand as to the part not recovered *420 was groundless, which deduction is made even in ejectment.
Tenants in common cannot make a joint demise,(a) but under the liberty which the fictitious lessee, in ejectment, has of laying different demises in different counts, or one demise from a real lessee of sope or all of such tenants, they may, in effect, join in ejectment :(b) of course, they may sever, and any one of them may bring ejectment for his share, and upon proof recover it, or may bring ejectment for the whole, and upon proof recover his share. After recovery upon various demises, they may join in the action of trespass for the mesne profits: and one who has recovered reparately, may have his share of the profits in a separate action of trespass.(c) As our action of trespass to try titles is of the nature both of ejectment and trespass, tenants in common, may in it either join or sue severally, with like results as in the actions for which it was substituted. But in joining, they encounter more risk of improperly introducing too many plaintiffs, than is run where they can use the name of a nominal plaintiff, to represent all the interests which may sustain the demises. And in joining a less number than all, they, in strict pleading, may be liable to a plea in abatement for omission, in a writ of trespass, of third persons having common interests with the plaintiffs named. Ejectment is in form an action of trespass to recover damages for an ouster laid without a continuando. It is made peculiar by its fictions and its writ of possession : yet its form is carefully made to represent a real action of trespass between the nominal parties.(d) The indulgence as to joinder of plaintiffs, not being all the persons in interest, which has been extended to our action of trespass to try titles, has resulted from our adopting the practice in ejectment, without attempt to reconcile all its facilities to the change of form which our new action requires, (e)
Under our action to try titles, no less than under that of ejectment, the writ of hob. fac. poss. is amply sufficient to give to the plaintiff possession of that to which he has established *421 title: and if a whole be described in the writ, the sheriff is au-thorised, by direction and at the risk of the plaintiff, to turn out from the whole everybody in possession. (4 Rich.492.) Butalow opinion of the wisdom of the Legislature, or of the conscientiousness of the Courts, must be conceived, if it is supposed that by this is meant, that wherever a plaintiff has recovered land in trespass to try titles, and sued out his hab.fac. poss. all persons who are in possession, although they may not be in any way privies to the suit, nor have any knowledge of its existence or result, shall, at the pleasure of the plaintiff, be necessarily turned out. No such conclusion can be fairly drawn from the case of ex parte Black, (2 Bail. 9 :) for although general expressions are loosely used there, it may be seen that reference is made to the means by which the rights of third persons in proper cases may be protected, and that in that case, no third person was claiming the interposition of the Court, but a delinquent sheriff was making hearsay an excuse for neglect of his duty.
In our State, there have been many grants for large tracts of land, and upon some of them have been many settlers, claiming with every variety of right, from the honest and perfect title to the most frivolous pretence. If a plaintiff, having or pretending a just claim to one of these tracts, should sue a squatter found upon it, describing the whole tract in his writ and declaration, and through the default of the defendant, or by collusion with him, should obtain a verdict, it can not have been ever considered that this plaintiff could be permitted to turn out all the other settlers as well as the defendant, and take to himself exclusive possession of the whole tract. If, in such a case, or in the case of a sinall grant, the plaintiff should, in his writ, describe only a specified parcel, but should bring his action against a mere occasional occupant, or casual ejector, and recover the whole parcel described, or any specified part thereof, the law would, by abuse, become an instrument of monstrous wrong, if the real occupant could, by a writ of hub. fac. poss. be deprived of the possession which he rightfully held. It might well be said that a Court which would permit this, had *422 neglected the injunction of the Legislature to form reasonable and equitable rules for rendering the action, which was provi-did, a fit means for the trial of titles. It can not be doubted that in'every such case the Court, in the conscientious exercise of its summary jurisdiction, would, upon proper application, interpose and confine the plaintiff to acquiring possession, only of that which he had recovered, and only from him against whom he had recovered, and such other persons as might be considered privies.(a) To persons claiming under the defendant, and perhaps to all who came in after commencement of the suit, with that notice which lispendens is presumed to give, the recovery might be allowed to extend : but there is plain propriety in the rule laid down by Spencer, J., in New York, where he ordered restitution to an applicant who had been dispossessed : “ It is a settled rule of practice that no tenant who was in possession, anterior to the commencement of an ejectment, can be dispossessed upon a judgment and writ of possession to which he is no party.” (Ex parte Reynolds, 1 Cains, Rep. 500.)
The reasons which have been stated in the case of Dupont and Ervin, and in the argument here, for supposing that the sheriff may go beyond the exigency of the writ of hab. fac• poss., and give to a plaintiff possession of the whole, when possession of part only, or partial possession only, is commanded, seem all to be insufficient.
First. The plaintiff has an undivided interest — his right is a right in every particle — therefore he must have possession of the whole.
Answer : An interest in the whole is not the whole : a right in every particle consists with the enjoyment of every particle in common with persons who are in possession of interests, to which the plaintiff has no right.
Second. The share recovered cannot be distinguished from other shares, and therefore possession of the wholemust be given.
Answer : If the recovery is too vague to shew the thing re *423 covered, there can be no execution : but there is no vagueness ; the recovery is of a specified share- — -an ascertained interest in th3 whole to be enjoyed in common with others — a thing incapable of being separately pointed out before partition.
Third. The co-tenants not named in the judgment are also entitled to their undivided shares.
Answer : Where a plaintiff sues for the whole, and recovers an undivided share, it cannot appear that there are any persons entitled besides plaintiff and defendant. The judgment in effect is, that the plaintiff recover part, and the defendant continue to hold the remainder. The plaintiff can not recover at all but on the strength of his own title, and of course can not found any right upon the weakness of the defendant’s. The defendant was. not bound to shew any title, but for the purposes of the action to try titles must be presumed to have every interest shewn to exist, and not shewn to be in the plaintiff.(a) Possession gives right against all but the plaintiff who shews an unobjectionable title: the party who would disturb the possession must first establish a legal title to whatever the law is required to take from another and give to him. Recovery of part, where the whole is sued for, is just the same as recovery of the same part in a suit brought for it only. In a suit for an undivided share only, defendant might have admitted the plaintiff’s right to the share claimed, and have made no defence, under the just assurance that more than was claimed would not be recovered, and'and that the rights of neither defendant nor other persons to something more would be investigated. So, where in a suit for the whole, the plaintiff has established a title to only an undivided share, the defendant may have been willing to admit the plaintiff’s title to that extent, and was not bound to shew that other shares belonged to himself, and not to third persons who may have been former owners. If the possession had been held in common by the defendant and other persons, and the plaintiff acknowledging those other persons to be rightfully tenants in common with himself, but not with the *424 defendant, had sued the defendant only for the undivided share claimed by the plaintiff, and recovered it, the necessity of turning the defendant out, might then have resulted from the impossibility of otherwise giving to the plaintiff possession of the thing recovered. Four being in, each entitled to one-fourth, recovery of a fourth against one should not disturb the others, and without disturbing them, could be executed only by crowding the defendant out in the process of transferring the possession of a fourth from him to the plaintiff. The result and its propriety would be made plainer by the plaintiff’s describing in his original writ and declaration, the fourth sued for, as a share of a whole owned by himself and others as tenants in common, to wit: himself and the three other persons, who, at the commencement of the suit, were in possession along with defendant, or by his otherwise so defining the share as to shew exactly which of the persons in possession, are entitled to hold, and in what proportions. But by suing for a whole, the plaintiff acknowledges the defendant to be in possession of a whole: and the recovery of part of what defendant has in possession, raises no necessity for turning him out to put plaintiff in possession of tfi at part.
Fourth. The Sheriff cannot disturb co-tenants in possession : but the plaintiff at his peril may point out who are not co-tenants, and so turn out the defendant.
Answer: The suit for the whole contradicts the supposition that any co-tenants are in possession : if the suit had been for the undivided share only, a recovery of that would be executed by giving that to the plaintiff, without disturbance of third persons, whoever else might be left in possession of shares not recovered : the case of an undivided share specially defined, where the other co-tenants are in possession, is not the case before us. If the sheriff should unnecessarily, at the instance of the plaintiff, turn the defendant out, upon the supposition that third persons have right, it might be that upon defendant’s application to the Court, on the ground that he is really the co-tenant, an issue as to shares not recovered and therefore before found *425 for the defendant, would result in defendant’s establishing a right to them, which he was not before required to shew in answer to the plaintiff’s title shewn only to the share recovered.
Fifth. The defendant must be presumed to have no right to keep possession, “because if he had been co-tenant he might have pleaded that circumstance in abatement.”
Answer : No plea in abatement upon the ground of co-tenancy between the parties, plaintiff and defendant, could be sustained (1 Salk. 4): such co-tenancies shewn in evidence under the general issue would be a bar to the action, in either ejectment or trespass, without proof in reply of an actual ouster, destruction or some equivalent matter. The plea in abatement must have been suggested by the rules applicable to the action of trespass, where all of those joint owners of an interest, who should have joined in an action, have not been made plaintiffs against a stranger.
Sixth. The recovery against the defendant of an undivided interest shews that he is a mere trespasser, not entitled to hold any share of the land; because the possession of one tenant in common is the possession of all, and no action of trespass lies by one of them against another for possession of the land owned in common.
Answer: The legal conclusion from defendant’s possession} and the plaintiff’s failure to recover part, is that plaintiff has no title to that part, and that against him the defendant has a right to hold it. If a trespasser, the defendant is not, as to that part, a trespasser against- the plaintiff. By proof of actual ouster, a tenant in common may maintain ejectment or trespass to try titles against his'co-tenant. An actual ouster is not now a matter so difficult of proof as formerly it was considered. It no longer means “ some act accompanied by real force the sole perception of the profits, with nothing more, will not constitute it: but such perception, with refusal of entry to the co-tenant, or denial of his title, will be sufficient evidence of it. (11 East. 49.) It may be inferred from circumstances which are matter of evidence for a jury. The relaxation of the ancient doctrine *426 on this subject, and full explanation of it made by Lord Mansfield and Justice Aston in the case of Fishar vs. Prosser (Cowp. 21.8,) have been adopted by our Courts, (1 Hill, 111,) and are nowhere more fully recognized than in Henry vs. Means, (2 Hill, 334,) where Judge O’Neall says that “ the defendant’s plea of the statute of limitations would be such evidence of the assertion of an adverse title as would amount to an ouster ” sufficient to sustain trover by one tenant in common of a chattel against another. The possession of one tenant in common is that of his co-tenant only when the one holds “ as tenant in common eo nomine, " or as Justice Aston says, “when the one holds possession as such, and receives the rents and profits on account of both.”
Suppose a case, much like that of Fishar vs. Prosser, where a plaintiff in ejectment sues a defendant who enters into the ordinary consent rule, and for defence relies on the statute of limitations : the plaintiff shews the entry of defendant as tenant in common: the defendant shews adverse possession, accompanied by denial of plaintiff’s right — which amount to actual ouster — but fails by reason of some disability to make good a defence under the statute of limitations; and the plaintiff recovers an undivided share : — where is the difference between a tenant in common and a stranger in this case? Suppose that under our law and practice a defendant in possession believes himself to be the true owner, and is sued in trespass to try titles by a plaintiff whom he does not know, but who has acquired a title to one undivided sixteenth part of the land, by taking a conveyance from some person who retained the sixteenth by reason of a trifiing defect in one of the links which constitute the defendant’s chain of title : the defendant in the trial shews himself fairly entitled to the other fifteen-sixteenths, but the defendant shews an actual ouster, and recovers one undivided sixteenth part. Ought the defendant to be turned out of the whole, and put to the hazard of bringing (3 Burr. 1290) his action in turn, with all the disadvantage which pertains to a plaintiff more than a defendant in an action to try titles? Would *427 the summary interposition of the Court prevent it 1 Upon what ground could the Court interpose in many cases where the evidence would leave it uncertain what had been established 1 No ground in any case could be suggested more plain than this, that the plaintiff must be confined to what he has recovered, as that is shewn by the verdict, judgment and writ of hab. fac. poss: and not by doubtful inferences of equivocal circumstances, nor by the rash assumptions of a plaintiff willing to encounter the risk of taking more than has been awarded to him.
Seventh. The plaintiff should not be required to go into possession with one whom he would not select for a companion, or who as he knows has unjustly intruded upon his possession.
Answer: Tenants in common are always subject to the chance of unpleasant companionship. The plaintiff is in no worse condition than if his acknowledged co-tenant had sold or leased to the defendant. If the plaintiff or any person holding for him was in possession, and was intruded on by the defendant, then in an action of trespass quare clausum fregit grounded on the possession only, damages could have been recovered from the defendant unless he shewed his right to enter.
Eighth. The plaintiff will be subject to various embarrassments in obtaining partition, if the defendant is allowed to remain in possession of an undivided interest: — by going in with the defendant, he will acknowledge him to be co-tenant: — he may make actual partition of the land with the defendant, and then the share assigned to him will still be subject to the undivided interests held by the other true co-tenants: — whilst his interest in other shares will be vested in defendant: — or the land may be sold for partition, whereby the plaintiff’s right will be divested, and the price be reduced to his disadvantage by the doubts which will rest on the defendant’s title : — or the land may be assigned by Commissioners appointed to make partition, to the plaintiff on his paymet of money, and afterwards he may lose shares of it by establishment of the rights of the other co-tenants.
Answer: All of the inconveniences here suggested are con *428 sequences drawn from the presumption that the defendant is a co-tenant with the plaintiff, which presumption is supposed to be made when the defendant is left in possession. This presumption, however, is not raised, and the consequences therefore do not follow. The conclusion of the law, the judgment itself and not a mere presumption, is, that the defendant has a right to hold the shares not recovered by the plaintiff: all presumptions in favor of the defendant relate only to the action tried, and are but objections which may be suggested to the title shewn by plaintiff. By what right the defendant is entitled to hold, has not been investigated, nor has the title of any third person been concluded or in any way examined.
Where the plaintiff has recovered and been put in possession of one-fourth, if one of the other tenants in common, (supposing there to be three, each entitled to a fourth,) should recover against the defendant another fourth, that one must also be put into possession along with plaintiff and defendant, thus reducing the share left in defendant’s possession : and by successive actions of the two remaining co-tenants, the defendant might be entirely excluded. The like result might be effected by a joint action of the three other tenants in common : and under either course of proceeding, it would, as we have said before, be probably facilitated by apt specifications of the undivided shares sued for and recovered.
By taking possession to be enjoyed in common with the defendant, the plaintiff acknowledges that beyond this he has no right to disturb the possession which the defendant before held : but he makes no acknowledgment of defendant’s title to the shares left in defendant’s possession — that is a matter in which third persons as well as the defendant may have interest — no right to interfere with it has been shewn by the plaintiff.
By making partition with the defendant, (either voluntarily or under compulsory proceedings to which only plaintiff and defendant were parties,) the plaintiff might admit the defendant’s title, and might be subjected to inconvenience and loss, upon the defects of that title being shewn by the establishment *429 of rights in third persons, — -just as every vendee may suffer from defect in his vendor’s title. But whether actor or respondent, in proceedings for partition, either at Law or in Equity, the plaintiff, by bringing properly to the view of the Court the rights of third persons, might defeat any attempt of the defendant to have a share assigned to him, in severalty, of that in which he is entitled to no share at all: and moreover, the plaintiff, by proper proceedings, might procure adjudication of questions between the defendant and third persons, and obtain partition between himself and the persons really entitled.
Upon the second question referred to it, this Court is, then, of opinion that the proper mode of executing the writ of habere facias possessionem in the action at law, W. Beasley and wife, plaintiffs against Wm. B. Dorn, defendant, is for the sheriff to cause the said plaintiffs to have possession of one undivided fourth part of the tract of land and appurtenances described in the said writ: and to leave the defendant in possession of the remaining three-fourths undivided.
And it is ordered that this opinion be certified to the Court of Appeals in Equity, in answer to the two questions referred to this Court as above mentioned.
Johnston, Dunkin and Wardlaw, CC., and Withers, Whitner, Glover and Munro, JJ., concurred.

 3 Bulstrode, 185-6; 1 Burr, 329, Run. on Eject. 245, 222.

 3McC.205, 303; 2Hill.311; 1 Bail. 307; 3Rich. 418; Harp.430; lHill. 116.

 3 Blac. Com. 203-4; Barnes’ Notes, 791.

 3 Burr. 1294.

 Runn. on Eject. 13, 146, 154, 403, 176.

 Runn. 434.

 Runn. 125, 203.

 1 Burr. 630, 144, 365 ; 5 Burr. 2673.

c) 6 B. & C. 289; 1 Bur. 326; 1 Sid. 229; 3 Ley. 334; 1 Esp. 360; 11 East. 288 j 6 East. 173; 3 Taunt. 120; 3 M. & W. 332; 5 Id. 564; Eitzb. N. B. 208; Run. 245.

 N. C. Rep. Iredell Law, Vol. 9, p. 224, Holdfast vs. Shepard.

 1 John. Cases. 101, Jackson ex Dem. Moore vs. Van Bergen.

 Runn. 190 ; 2 Taunt. 397; 3 Burr. 1895; 3 M. & W. 333; Tidd. 1227.

 Runn. 405.

 Dyson vs. Leak, 5 Strob. 141.

 Farmer vs. Miller, 5 Rich. 480

 2 Wills. 232.

 Ruun. 222-3; Tidd. 1205 ; 3 Camp. 190.

 5 Maule and Sol. 64: 3 Wils. 118; 2 W. Blac. 1077; Runn. 443.

 Ruun. 23, 138, 221.

 4 McC. 144 Boylston vs. Cordes; 2 Brev. 400; 2 Strob. 332.

 Runn. 436-7 ; 4 Burr. 1995.

 Runn. 15, 117; McColman vs. Wilkes, 3 Strob. 474 ; 2 Hill, 439.